**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **QUARTSHEZZ LEWIS** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Case No. 5:24cv15-JRG-KMN** |
| | § | |
| **DIRECTOR, TDCJ-CID** | § | |
| **Respondent** | § | |

**ORDER OF DISMISSAL**

Petitioner Quartshezz Lewis, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus challenging the legality of his conviction. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

**I. Background**

Petitioner was convicted at trial of continuous sexual assault of a child, receiving a sentence of 60 years in prison. On direct appeal, he asserted that there was no evidence that at least two acts of sexual assault occurred over more than a 30 day period as required for the offense of continuous sexual assault of a child, and that the application portion of the guilt-innocence charge did not require that two acts take place over at least a 30 day period. The intermediate appellate court determined that there was evidence of an act of sexual assault in February of 2014 and another one in April of 2014, which was sufficient evidence for the jury to find that Petitioner sexually abused the victim, A.B., on at least two occasions which occurred more than 30 days apart. *Lewis v. State*, slip op. no. 06-21-00021-CR, 2022 Tex. App. LEXIS 1536, 2022 WL 630288 (Tex.App-Texarkana, March 4, 2022, pet. ref'd), *cert. denied*, 143 S.Ct 740 (2023).

With regard to the second claim, the appellate court determined that the jury charge did in fact contain error, in that it allowed for a conviction if two or more acts of sexual abuse occurred during a specific period which was longer than 30 days, regardless of whether the acts themselves occurred at least 30 days apart. However, no objection was lodged to the erroneous charge, meaning

that under Texas law, reversal was required only if the charge error was so egregious and created such harm that a review of the record of the entire trial reveals that the defendant did not have a fair and impartial trial.  Upon such review, the court determined that Petitioner failed to make such a showing. He sought discretionary review from the Texas Court of Criminal Appeals, which refused it without a written opinion.  Petitioner then sought state habeas relief, which was denied by the Court of Criminal Appeals on the findings of the trial court and an independent review of the record. *Ex Parte Lewis*, WR-95,134-01 (Tex.Crim.App., November 1, 2023) (Dkt. No. 8-17, p. 1) .

## II. The Federal Habeas Petition

Petitioner raises two grounds for relief in his federal habeas petition: (1) the appellate court erred in failing to rule that there was a material variance between the allegations of the indictment and the testimony at trial, and (2) the appellate court erred in finding the jury charge error harmless if the charge relieved the State of its burden of proof beyond a reasonable doubt as to the elements which must be proven to constitute the crime. In a response to the State's answer, which argued that Petitioner failed to show that the state courts' rejection of his claims was unreasonable, Petitioner maintained that there were variances in the indictment because while the indictment set out a start date of May 15, 2013, the evidence at trial showed that the first alleged incident of abuse occurred in February of 2014.  He asserted that the indictment alleged dates of May of 2013 to September of 2014, but the opinion of the Court of Appeals gave dates of February and April of 2014.

Petitioner also contended that a jury instruction which omits or materially mis-describes an essential element of an offense relieves the State of its obligation to prove facts constituting every element of the offense beyond a reasonable doubt.  He stated that the Court of Appeals determined the application paragraph contained error because it confused the statutorily required thirty-day period for continuous sexual abuse with the "on or about" periods alleged with respect to commission of the predicate offense, and explains that according to the court, the jury could have read the charge as instructing a finding of guilt if there was 30 or more days between the dates of the indictment - May 2013 to September 2014 - and during that time, Petitioner abused A.B. on two

or more occasions. Petitioner argues that this is not in conformity with the statute because it did not say that the incidents of abuse themselves had to be at least 30 days apart.

### III. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition for habeas corpus relief be denied. With regard to Petitioner's first claim, the Magistrate Judge explained that under Texas law, a variance occurs when there is a discrepancy between the allegations in the indictment and the proof presented at trial. This means that the State has proven the defendant guilty of a crime but has proven its commission in a manner which varies from the allegations in the indictment. Such a variance may render the evidence insufficient to sustain the conviction, but only if the variance is material and prejudices the defendant's substantial rights in other words, if the indictment as written fails to inform the defendant of the charge against him sufficiently to prepare an adequate defense at trial and subjects him to the risk of being prosecuted later for the same crime.

As applied to the present case, the Magistrate Judge observed that under Texas law, the State is not required to prove specific dates alleged in the indictment unless time is a material element of the offense. Instead, the time mentioned must be "some date anterior to the presentment of the indictment and not so remote that the prosecution of the offense is barred by limitations." Tex. Code Crim. Pro. art. 21.02. The continuous sexual abuse statute, Tex. Penal Code art. 21.02, provides that a person commits an offense if, during a period of time that is 30 or more days in duration, the person commits two or more acts of sexual abuse; the jurors are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date those acts were committed, but must agree unanimously that the defendant committed two or more acts of sexual abuse during a period that is 30 days or more in duration.

In the present case, the Magistrate Judge determined that the State offered evidence of abuse occurring in February and April of 2014, at a time when Petitioner was 17 years of age or older and A.B. was younger than 14; thus, the State met the elements of the offense. The Magistrate Judge rejected Petitioner's assertion that the alleged variance was material because the State was not

required to prove the exact dates alleged in the indictment - thus, the State did not have to show acts of abuse occurring in May of 2013 or September of 2014, or that the abuse covered this entire period. The Magistrate Judge went on to state that to the extent Petitioner challenged the indictment itself, his claim lacked merit because federal habeas corpus relief based on a challenge to a state indictment is precluded unless the indictment is so defective as to deprive the convicting court of jurisdiction, and in denying relief, the Texas Court of Criminal Appeals necessarily found that the indictment vested the court with jurisdiction. Likewise, the Magistrate Judge rejected Petitioner's claim to the sufficiency of the evidence through the alleged variance, observing that A.B. testified to an incident of abuse occurring in February of 2014 and there was also evidence of an incident occurring around Easter of 2014, which fell in April. Thus, the Magistrate Judge stated that when viewed in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

In his second ground for relief, Petitioner complained that the error in the jury charge had the effect of relieving the State of its burden of proof. He pointed to the finding of error made by the appellate court and posed the question of whether the court erred in finding this error harmless.

The Magistrate Judge stated that as a general rule, improper jury instructions in state criminal cases are not a basis for federal habeas relief. The question for the federal habeas court is whether the erroneous instruction by itself so infected the entire trial that the resulting conviction violated due process. In this case, the Magistrate Judge determined that while there may have been an error in the instructions, this error did not so infect Petitioner's entire trial. The jury was specifically told in closing arguments that the alleged incidents of abuse had to have occurred over a period of 30 days or more, and the evidence presented at trial showed incidents occurring in February and April, a period of over 30 days.

In addition, the Magistrate Judge observed that in order to be granted a writ of habeas corpus in federal court, a petitioner must show that the state court's adjudication of his claim resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable

4

determination of the facts in light of the evidence presented in the state court proceeding. The federal habeas court cannot issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly; rather, the decision must be "objectively unreasonable," a standard which creates a substantially higher threshold for obtaining relief than *de novo* review.

In reviewing Petitioner's claims under this standard, the Magistrate Judge concluded that Petitioner failed to show that the state court's decision amounted to an objectively unreasonable resolution of his claim. The Magistrate Judge explained that Petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement and the state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision, citing *Druery v. Thaler*, 647 F.3d 535, 539 (5th Cir. 2011), and *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Thus, the Magistrate Judge recommended that the petition for habeas corpus relief be dismissed.

## IV. Petitioner's Objections to the Report

In his objections, Petitioner argues that although the indictment says May 15, 2013, there was no evidence of any acts prior to February of 2014. He contends that the May 2013 date is "descriptive of that which is legally essential to charge the crime," citing *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex.Crim.App. 2001). In that case, the indictment and the jury charge alleged that the appellant stole a go-cart with the model number of 136202, but the evidence showed that the model number was 136203. The Sixth Judicial District Court of Appeals held that this was a material variance and ordered an acquittal, but the Court of Criminal Appeals reversed, determined that this variance was immaterial and thus did not require overturning the conviction. This case does not assist petitioner; the Texas Court of Criminal Appeals has held that the State is not required to prove the specific dates alleged in the indictment. *Sledge v. State*, 953 S.W.2d 253, 255 (Tex.Crim.App. 1997) (en banc).

As the Magistrate Judge explained, Texas law provides that unless time is a material element of an offense, the indictment is not required to specify the precise date that an offense occurred, nor a window of time within which the offense must have occurred, in order to satisfy constitutional notice requirements. Tex. Penal Code § 1.07(a); *Garcia v. State*, 981 S.W.2d 683, 685-86 (Tex.Crim.App. 1998). In the context of a conviction for continuous sexual abuse of a child, the Texas courts have held that the State is not required to prove that the offenses occurred on the exact dates alleged because they occurred before the indictment and after the limitations period. *Magdaleno-Garcia v. State*, slip op. no. 07-24-00166-CR, 2026 Tex.App. LEXIS 2399 at *4–5, 2026 WL 745280 (Tex.App.-Amarillo, March 16, 2026, no pet.), *citing Mireles v. State*, 901 S.W.2d 458, 459 (Tex.Crim.App. 1995) (en banc). The fact that the State's proof in the present case showed an offense date of February of 2014 rather than the date of May 2013 set out in the indictment does not show a basis for granting federal habeas corpus relief. Petitioner's objection on this point is without merit.

Petitioner's second objection argues that the jury charge served to relieve the State of its burden of proof, and so renders his conviction a violation of due process. The Fifth Circuit has held that in reviewing claims of jury charge error, the federal habeas court must ask "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence." *Sprouse v. Stephens*, 748 F.3d 609, 618 (5th Cir. 2014), *citing Boyde v. California*, 494 U.S. 370, 380, (1990). The court went on to explain that two observations underpin that standard: (1) jurors do not sit in solitary isolation booths parsing instructions for subtle shades of meaning in the same way that lawyers might, and (2) differences among jurors in interpretation of instructions may be thrashed out in the deliberative process, with commonsense understanding of the instructions in the light of all that has taken place at the trial likely to prevail over technical hairsplitting. *Id*. at 618-19, *citing Boyde*, 494 U.S. at 378. The court additionally observed that a single instruction to the jury is not judged in artificial isolation, but is viewed in the context of the overall charge. *Id.*

In this case, as the Magistrate Judge observed, the state court held that Petitioner did not suffer egregious harm as a result of the error in the instruction. The jury was specifically told in closing arguments that the alleged incidents of abuse had to have occurred over a period of 30 days or more, and the evidence presented at trial showed incidents occurring in February and April, a period of over 30 days. In order to prevail on federal habeas corpus, the Magistrate Judge stated that the petitioner must show that the state court's adjudication of his claim resulted in a decision which was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). This means that the petitioner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Druery v. Thaler*, 647 F.3d 535, 539 (5th Cir. 2011). This standard is very high and difficult to meet, as the Supreme Court said it was meant to be. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner's objections fail to show that the state court's ruling on his claim that no egregious error occurred was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. He simply argues that the jury charge as written did not require that two acts of sexual abuse occur over at least a 30 day period, but offers nothing to suggest that this amounted to egregious error under state law - contrary to what the state court found - or that there was a reasonable likelihood that the jury applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence, nor that the error was such as to render Petitioner's conviction a violation of due process. His objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")  Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit.  It is accordingly

**ORDERED** that the Report of the Magistrate Judge (Dkt. No. 12) is **ADOPTED** as the opinion of the District Court.  It is further

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.  It is further **ORDERED** that a certificate of appealability is denied *sua sponte*.

**So ORDERED and SIGNED this 15th day of June, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE